IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARTISAN/AMERICAN CORP. and | § | |
| ALVIN MANOR ESTATES, LTD., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-033 |
| | § | |
| CITY OF ALVIN and | § | |
| ANDY GALLAGHER, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND, DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE PLAINTIFFS' SECOND AMENDED COMPLAINT AS MOOT, AND DISMISSING PLAINTIFFS' FEDERAL CLAIMS WITHOUT PREJUDICE**

Plaintiff Artisan/American Corp. ("Artisan") and Alvin Manor Estates, Ltd. ("AME") brought this action against Defendant the City of Alvin (the "City") and Defendant Andy Gallagher ("Gallagher") in the 412th Judicial District of Brazoria County, Texas. Plaintiffs sought a declaratory judgment, a writ of mandamus, and an affirmative injunction. Plaintiffs' First Amended Original Petition contained references to the Federal Fair Housing Act, and Defendants removed the case to this Court. Plaintiffs filed a Motion for Remand and a Motion for Leave to File Plaintiffs' Second Amended Complaint and Application for Affirmative Injunctive Relief. Defendants filed a Response in Opposition to Opposed Motion to Remand and Opposed Motion for Leave to File Plaintiffs' Second Amended Complaint and Application for Affirmative Injunctive Relief. Then, Plaintiffs filed a Reply in Support of the Opposed Motion to Remand and Opposed Motion for Leave to File Plaintiffs' Second Amended Complaint and Application for Affirmative Injunctive Relief. For the

1

reasons stated below, Plaintiffs' Motion to Remand is **GRANTED**, Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint and Application for Affirmative Injunctive Relief are **DENIED AS MOOT**, and this case is **REMANDED** to the 412th Judicial District of Brazoria County, Texas.[1]

**I. Background**

Artisan, a developer of residential apartment complexes, filed a preliminary plat application to the City for the construction of the Alvin Manor Estates. Artisan and AME claim that the City and Gallagher, the City of Alvin City Engineer, refused to consider or otherwise denied the plat application. Artisan and AME claim that the City and Gallagher are adamantly opposed to the construction of additional low income housing in Alvin. Artisan and AME filed a claim in the 412th Judicial District of Brazoria County, Texas, seeking a declaratory judgment that the preliminary plat application submitted to the City complies with the City's Code of Ordinances and that the plat application should be approved in all respects. Additionally, Artisan and AME requested a writ of mandamus or an affirmative injunction ordering the City to approve the application and issue all the necessary building permits. Artisan and AME also sought actual and punitive damages, alleging that the City and Gallagher violated the Texas Fair Housing Act and the Federal Fair Housing Act.

Artisan and AME filed their Original Petition and their First Amended Petition in state court. Artisan and AME claim that, due to a drafting error, references to the Federal Fair Housing Act were in the introduction and prayer for relief sections of the First Amended Petition. There were no references to any federal claims in the claims section of either Petition. Regardless, the City and

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Gallagher, noting the references to the Federal Fair Housing Act, removed the case to this Court.

Artisan and AME claim that the City and Gallagher removed the case in an attempt to capitalize on a drafting error. In their Motion to Remand, Artisan and AME claim that time is of the essence because they will lose important housing tax credits if the project is not completed by December, 2007. The case is currently preferentially set on the March 2007 trial docket in the 412th Brazoria County District Court.

The Court held a hearing on the Motion to Remand on February 7, 2007. At said hearing, Plaintiffs' counsel stated that it was already too late for the tax credits and that the case would probably return to a normal, rather than preferential, trial setting. Plaintiffs' counsel also stated that he did not intend to pursue any federal claims, but he opposed Defendants' Motion to dismiss the federal claims with prejudice. The City and Gallagher argued that the Court should dismiss the federal claims referred to in the First Amended Petition because neither the federal court, the state court, nor counsel should be inconvenienced by another removal of the case should Artisan and AME later decide to pursue claims under the Federal Fair Housing Act.

**II. Legal Standard and Analysis**

The federal removal statute provides that "[e]xcept as otherwise expressly provided . . . any civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). District courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally,

> district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332. In the instant case, the City and Gallagher filed their Notice of Removal under the authority of 28 U.S.C. §§ 1441, 1446, asserting that the Court has jurisdiction because Artisan and AME alleged violations of a federal statute.

Generally, the existence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392, 107 S. Ct. at 2429 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13, 57 S. Ct. 96, 97–98, 81 L. Ed. 70 (1936)). The removing party must establish "facts necessary to show that federal jurisdiction exists." *Christiason v. Merit Tex. Props., L.L.C.*, 393 F. Supp. 2d 435, 437 (5th Cir. 2005). A plaintiff may not use "artful pleading" to "plead what must be raised as a federal claim as a state law claim to avoid federal jurisdiction." *Id.* However, if no preemption exists and the "plaintiff may assert both a federal and state law claim arising out of the same events, the artful pleading doctrine does not apply, and [the plaintiff's] choice of law controls." *Id.* Furthermore, oblique references to federal law will not establish federal question jurisdiction where a plaintiff has chosen not to plead a federal cause of action and "affirmatively indicates his intention to plead only state law claims." *Id.*

In the instant case, Artisan and AME claim that the references to federal law were inadvertently left on their First Amended Petition. The references, which were not contained in the

claims section, are oblique. Artisan and AME have moved to amend the Petition to remove the references, and their counsel affirmatively stated at the Hearing that they did not intend to pursue federal claims. Thus, no federal question jurisdiction exists.

The Court notes that it did have jurisdiction before Plaintiffs' counsel indicated that Artisan and AME would not pursue federal claims during the hearing. As such, the Court's rulings during the hearing stand. During the hearing, Defendants' counsel argued that it is a waste of judicial resources for Plaintiffs to retain a right to reassert their federal claims. The Court agrees, but the Court does not find it necessary to dismiss the claims with prejudice. Rather, the ruling of the Court during the hearing provides a just solution. The Federal Fair Housing claims referred to in Plaintiffs' First Amended Petition are, as the Court stated during the hearing, **DISMISSED WITHOUT PREJUDICE**. However, Plaintiffs should be required to take responsibility for their "drafting error" as well as their assertions to this Court that they will not pursue a federal claim. Plaintiffs' imprecision has caused the Court and Defendants unnecessary costs associated with the removal and remand. While the Court is compassionately not imposing a penalty at this time, if the case is again before this Court because Artisan and AME add claims under the Federal Fair Housing Act, Artisan and AME will be assessed removal costs of $5000.00 in order to cover the costs occasioned by Plaintiffs' initial pleading error, which must otherwise be borne by innocent taxpayers.

### III. Conclusions

For the reasons stated above, Plaintiffs' claims under the Federal Fair Housing Act are **DISMISSED WITHOUT PREJUDICE**. Plaintiffs' Motion for Leave to File Plaintiffs' Second Amended Complaint is **DENIED AS MOOT**. And, Plaintiffs' Motion to Remand is **GRANTED**.

This case is **REMANDED** to the 412th Judicial District of Brazoria County, Texas. Subject to the scenario outlined above, each party is to bear its own attorneys' fees, taxable costs, and expenses incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 9th day of February, 2007, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge